## Case No. 4,982.
### FOSTER et al. v. SAMPSON.
[1 Spr. 182.] [1]
District Court, D. Massachusetts. April, 1849.

R. H. Dana, Jr., for libellants.
Edward Dexter, for respondent.

SPRAGUE, District Judge. It is admitted that this vessel, when she left St. Ubes, had not on board more than one-half the quantity of ship-bread required by Act 1790, c. 29. § 9 (1 Stat. 135), and that, in consequence thereof, the crew were put on an al-

[1] [Reprinted by permission.]
[2] [Affirming Case No. 4,963.]

[1] [Reported by F. E. Parker. Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

lowance, one week, of three and a half pounds, and another week, of three pounds of bread, for each man. It is not denied, that this is a short allowance of bread; but the defence is rested on the fact, that flour was given to the crew, which could be baked into bread, in quantities sufficient to make up the deficiency. The statute requires that there shall be a certain quantity of ship-bread on board, at the commencement of the voyage, beside any other provisions. It is clear, that this requirement can be satisfied by nothing but ship-bread. The statute subsequently says, that if the crew shall be put upon a short allowance of bread, extra wages shall be recoverable. It is not necessary to decide whether this, having reference to what precedes, means ship-bread only, or all kinds of bread, because flour is not bread. It may, with other ingredients, be converted into bread; but even this is not practicable, under all circumstances. There is good reason for requiring a strict compliance with the statute; for it is important to have food that does not require cooking, especially in case of wreck, or bad weather.

It is further contended, that the master made efforts to procure bread at St. Ubes, but that it was impracticable. It is not necessary to decide whether this would be a defence, under the statute, as it is not made out by the evidence. I would remark, however, that the point has never been decided by the supreme court, or by any circuit court; and the only case in which the defence was sustained in the district courts, is that in The Washington [Case No. 9,086], while in The Harriet [Id. 2,982] the defence was not sustained. In The Mary [Id. 9,191], on the other hand, the reasoning of the court sustains the decision in The Washington. I am of opinion that the libellants are entitled to double wages, for two weeks, under the statute.

The libel also claims compensation for short provisions, in other respects, beside the bread, on the general principles of the maritime law. Proper subsistence is a part of the contract between the owners and seamen. Dixon v. The Cyrus [Case No. 3,-930]; The Castilia, 1 Hagg. Adm. 59. What is proper subsistence, depends upon what is usual, in similar voyages, in vessels of this description. We have had the evidence of shipmasters and merchants, acquainted with the subject, who agree that the practice is so uniform, to give tea, or coffee, night and morning, and flour, rice, or beans at dinner, in addition to meat, that every seaman has a right to expect substantially that kind of fare. In this vessel, there were ten days when the crew had nothing but meat, of which there was an abundance, and a short allowance of bread. For thirty-five days they had no tea, and for nineteen days only bean coffee in the morning. The weather was unusually severe, and the crew were subjected to more than usual exposure.

I shall allow them, $20 each, in addition to the two weeks double wages, with costs. Decree accordingly.